## PUBLICKER INDUSTRIES, Inc. v. ANDERSON.

### Civ. A. 36432.

District Court of the United States for the District of Columbia.

Sept. 23, 1946.

William H. Matthews, Jr., (of Knox, Matthews & Lishman), of Washington, D. C., Ezekiel Stoddard, of New York City, and Oscar Cox (of Cox, Langford, Stoddard & Cutler), of Washington, D. C., for plaintiff.

John F. Sonnett, Asst. Atty. Gen., Edward M. Curran, U. S. Atty., and Daniel B. Maher, Asst. U. S. Atty., both of Washington, D. C., J. Francis Hayden, Sp. Asst. to Atty. Gen., and Philip B. Kurland, Atty., Department of Justice, of Washington, D. C., for defendant.

SCHWEINHAUT, Associate Justice.

(1) The motion to dismiss is denied. This suit alleges that the Secre-

tary of Agriculture is disobeying a congressional mandate. Such allegation gives this court jurisdiction and the suit is not one against the United States. Utah Fuel Co. v. Coal Comm'n., 306 U.S. 56, 59 S.Ct. 409, 83 L.Ed. 483; Stark v. Wickard, 321 U.S. 288, 64 S.Ct. 559, 88 L.Ed. 733.

(2)   In this case, it is my view that the Secretary has disobeyed the congressional mandate. Sec. 203 (b) of the War Mobilization and Reconversion Act, 50 U. S.C.A.Appendix, §§ 1651–1678, instructs executive agencies in part that "Such production for nonwar use shall be permitted regardless of whether one or more competitors normally engaged in the same type of production are still engaged in the performance under any contract which is needed for the prosecution of the war, and shall not be made dependent upon the existence of a concern or the functioning of a concern in a given field of activity at a given time"

It seems clear that the use of the "historical" basis, to the extent employed here, in respect of the increased quotas for September, is directly opposed to the legislative direction that allocations of grain shall not be made dependent upon "the functioning of a concern * * * at a given time."

(3)   The plaintiff has more than a "general interest" (Stark v. Wickard, supra) in this situation. It suffers materially by the application of the historical basis in the formula adopted by the Secretary for the allocation of grain, since its quota would be much greater if that basis was ignored.

(4)   There is no adequate formulated administrative remedy which plaintiff could have taken. It appeared at the fact finding hearing before a panel appointed by the Secretary, which panel made a report. The Secretary acted upon the report, not in accordance with it, and within a short time. I think it would have been idle for the plaintiff to have pursued the matter further within the Department of Agriculture.

(5)   On the record as made now, a preliminary injunction will issue to restrain the defendant from using as he has done in this case the historical basis for the allocation of grain.